**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Eddie Thomas Jackson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:02-4170-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 13, 2002, Eddie Thomas Jackson ("petitioner") commenced this pro se action pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. On March 4, 2004, the Court granted the government's motion for summary judgment. On December 2, 2005, the petitioner moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). This matter is now before the Court for disposition.

The petitioner bases his motion for relief from the judgment on the following grounds: (1) failure to file an affidavit constituted fraud pursuant to Rule 60(b); (2) dismissing the §2255 petition without defense counsel's affidavit violated due process; (3) the habeas proceeding violated integrity and fairness in violation of Rule 60(b).

The ultimate question here is whether the petitioner's motion should be treated as a successive collateral review application. The Fourth Circuit has held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v.

Winestock, 340 F.3d 200, 206 (4th Cir. 2003).  "Review of successive applications is available only in limited circumstances."  Id. at 203.  District Courts must not allow prisoners to circumvent rules regarding successive applications by attaching different labels to their pleadings.  Calderon v. Thompson, 523 U.S. 538, 553 (1998).  As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8.  The proper treatment of a Rule 60(b) motion "depends on the nature of the claims presented."  United States v. Winestock, 340 F.3d at 207.  In this case, the petitioner raises claims that the collateral review process was defective.  The petitioner does not attack his conviction or sentence.  Therefore, the petitioner's Rule 60(b) motion is not successive.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from final judgment."  The petitioner has moved for relief under subsection (3), alleging that "the district court committed fraud."  (Petitioner's Motion for Relief from Judgment, pp. 2-3).  Such a motion must be made within a reasonable time and on the ground of fraud not more than one year after judgment has been entered.  Fed. R. Civ. P. 60(b).  On March 4, 2004, the Court entered judgment.  On December 2, 2005, almost 21 months after entry of judgment, the petitioner moved for relief.  Therefore, the petitioner's motion for relief pursuant to Rule 60(b)(3) is untimely.

The petitioner contends that the Court's dismissal of his §2255 petition without defense counsel's affidavit violated due process by depriving the petitioner of an opportunity to be heard. The petitioner contends that without the defense counsel's affidavit, the court's judgment was void. Counsel's failure to file an affidavit did not prejudice the petitioner, and the petitioner was not deprived of an opportunity to be heard. The Court considered the petitioner's motions and affidavits. The petitioner has not shown prejudice, and his argument is without merit.

The petitioner alleges that defense counsel's affidavit would have shown that trial counsel was ineffective. In his §2255 motion, the petitioner argued that defense counsel was ineffective in: (1) failing to advise the petitioner of infirmities in the indictment, (2) misadvising the petitioner on the facts in relation to the law before advising the petitioner to plead guilty, and (3) not presenting the South Carolina statutory definition of escape at sentencing. First, the Fourth Circuit Court of Appeals ruled that the indictment was not defective. Second, the Fourth Circuit Court of Appeals found that the guilty plea constituted an admission of the material elements of the crime charged, despite the petitioner's claim that his ownership of guns did not constitute possession. Third, the Fourth Circuit Court of Appeals determined that the petitioner's conviction for escape was properly used as a prior felony conviction of a crime of violence. Since these issues have been upheld by the Fourth Circuit Court of Appeals, counsel was not deficient in his performance. Therefore, the petitioner suffered no prejudice because trial counsel's affidavit would not have shown that trial counsel was ineffective. The petitioner's argument is without merit.

Finally, the petitioner contends that the habeas proceeding violated integrity and fairness in violation of Rule 60(b)(6). A motion for relief from judgment based upon "any other reason

justifying relief from the operation of the judgment" may not be granted absent extraordinary circumstances. *See* Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004)(*quoting* Fed. R. Civ. P. 60(b)(6)). The petitioner claims that he was entitled to a hearing and that the Court's failure to hold a hearing violated due process. If the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief, the Court may decide the matter without a hearing. *See* 28 U.S.C. §2255 (2006). In the petitioner's case, the record clearly showed that the petitioner was entitled to no relief. Therefore, the petitioner was not entitled to a hearing, and his motion for relief from the judgment pursuant to Rule 60(b)(6) is without merit.

The petitioner's motion for relief from the Court's dismissal of his §2255 motion is denied.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina