**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Eddie Thomas Jackson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:02-4170-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

      On December 13, 2002, Eddie Thomas Jackson ("petitioner") commenced this pro se action pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. On March 4, 2004, the Court granted the government's motion for summary judgment. On December 2, 2005, the petitioner moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). On March 24, 2006, the Court denied the petitioner's motion. On June 2, 2006, the petitioner appealed from the Court's May 24, 2006, order to the Fourth Circuit Court of Appeals. On June 6, 2006, the petitioner moved for "reconsideration [and to] amend or alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." The petitioner seems to request this relief with respect to the Court's May 24, 2006, order denying the petitioner's Rule 60(b) motion for relief. The Court liberally construes the petitioner's claim. United States v. Gholson, 33 Fed. Appx. 80, 81 (4th Cir. 2002). This matter is now before the Court for disposition.

      A Rule 59(e) motion must be made no later than 10 days after entry of judgment. Fed. R. Civ. P. 59(e). This Court entered summary judgment for the defendant on March 4, 2004. Therefore, the petitioner's Rule 59(e) motion is untimely.

The petitioner's motion does not show that he is entitled to any relief.  In interpreting Rule 59(e), the Fourth Circuit Court of Appeals has recognized only "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  In this case, the petitioner's motion to reconsider merely states the petitioner's disagreement with the Court's previous ruling.

In his motion, the petitioner attempts to re-litigate his claims.  The Fourth Circuit Court of Appeals has held that district courts must determine whether a motion for reconsideration pursuant to Rule 59(e) or a motion for relief from an order pursuant to Rule 60 should be treated as a successive collateral review application.  United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003).  Failure to examine this motion as a successive motion for postconviction relief would allow the petitioner to evade the bar against relitigation of claims presented in a prior application.  Id. at 206.  "Review of successive applications is available only in limited circumstances."  Id. at 203.  As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8.  In this case, the petitioner does not make any claims relying on newly discovered evidence or a new rule of constitutional law that has been made retroactively applicable to cases on collateral review.  The petitioner simply realleges the claims that he raised

in his Rule 60(b) motion, which he filed on December 2, 2005. The petitioner's motion is successive, and this Court lacks jurisdiction to consider the petitioner's motion.

The Court dismisses the petition without prejudice to allow the petitioner to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**AND IT IS SO ORDERED**.

*C. Weston Houck*

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 29, 2006
Charleston, South Carolina